JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHASE FROST

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff ___PHILADELPHIA___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___PHILADELPHIA___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | Exchange ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.; 43 P.S. §951, et seq. ("PHRA"), and Phila. Code §9-1100, et seq. ("PFPO").

Brief description of cause:
Plaintiff brings this action against Defendant because he was discriminated against because of his disability.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   August 29, 2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Philadelphia, PA 19130_

Address of Defendant: _1401 JFK Blvd. Philadelphia, PA 19102_

Place of Accident, Incident or Transaction:_____1401 JFK Blvd. Philadelphia, PA 19102_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number:_____   Judge_____   Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Rahul Munshi_ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: _August 29, 2017_                         _307548_
                            Attorney-at-Law                 Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _August 29, 2017_                         _307548_
                            Attorney at Law                 Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| CHASE FROST | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| August 29, 2017 | _____ | Chase Frost |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for  Plaintiff** |
| 215-545-7676 | 215-814-8920 | munshi@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————     :
                                                       :
CHASE FROST                                :
Philadelphia, PA 19130                     :
                                                       :
                            Plaintiff,          :
                                                       :          CIVIL ACTION NO.
            v.                                      :
                                                       :
CITY OF PHILADELPHIA              :
1401 JFK Blvd.                               :
Philadelphia, PA 19102                    :
                                                       :          JURY TRIAL DEMANDED
                            Defendant.       :
———————————————————     :

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Chase Frost, brings this action against the City of Philadelphia ("Defendant" or "City"). In 2007, while serving as a volunteer firefighter, Plaintiff survived a near-death fire rescue operation that resulted in Plaintiff losing his left arm, right leg, and suffering from severe burns over the majority of his body. Despite his permanent disabilities, and driven by his passion for emergency services, Plaintiff battled through his disabilities and ultimately became a certified Paramedic. In 2015, Plaintiff applied for a Fire Services Paramedic position with the Defendant – a position for which he was highly qualified and one that he could perform with the assistance of reasonable accommodations. Notwithstanding his credentials and experience, Plaintiff was denied an opportunity to join the Fire Academy's 32nd Class after Defendant expressed (unfounded) doubt about his abilities to perform the job and reluctance in providing Plaintiff with reasonable accommodations that would allow him to perform the essential functions of the job.

1

Plaintiff was discriminated against because of his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1100, *et seq.* ("PFPO").   Plaintiff seeks all damages, including economic loss, compensatory, and punitive damages, and all other relief under applicable federal and state law as this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Chase Frost, is an individual and citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is a disabled individual under the statutes that form the basis of this matter.

3.    Defendant, the City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with its principal office located at 1401 John F. Kennedy Blvd., Philadelphia, PA 19102.

4.    Defendant is engaged in an industry affecting interstate commerce and, at all relevant times, has regularly conducted business in the Commonwealth of Pennsylvania.

5.    At all times material hereto, Defendant employed more than fifteen (15) individuals.

6.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.    At all times material hereto, Defendant has acted as an "employer" within the meanings of the ADA, PHRA, and PFPO.

### III.    JURISDICTION AND VENUE

8.      The causes of action which form the basis of this matter arise under the ADA, PHRA, and the PFPO.

9.      The District Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

10.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

11.     The District Court has supplemental jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

13.     On or about January 12, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.   This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

14.     On or about June 6, 2017, the Department of Justice issued to Plaintiff a Notice of Right to Sue for his Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that notice.

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

16.    In 2004, Plaintiff joined the Delaware County Parkside Fire Company as a volunteer firefighter.

17.    On August 11, 2007, Plaintiff became disabled after performing a fire rescue.

18.    The rescue resulted in Plaintiff's left arm and right leg needing to be amputated and then fitted with prosthetics.

19.    Plaintiff was also severely burned during the rescue, which resulted in visible scars over 60% of Plaintiff's body, which includes his head, neck, right arm, and left leg.

20.    Since August 11, 2007, Plaintiff has had approximately 100 surgeries, including 53 major general anesthesia surgeries.  He has been hospitalized at 10 different hospitals in 3 states for a total of over 18 months.  Plaintiff also attended rigorous physical therapy sessions several times per week since 2007.

21.    In 2011, Plaintiff enrolled at Thomas Jefferson University Hospital ("TJUH") to become a Paramedic.  The program consisted of a didactic component, clinical skill simulation labs, hospital based clinical shifts, and pre-hospital (field) internships.

22.    In 2012, Plaintiff completed his field internship with the Philadelphia Fire Department, which included 396 hours of field work.

23.    As part of this internship with the Philadelphia Fire Department, Plaintiff received positive reviews on his mid-year (June 2012) and final performance evaluations (August 2012).

24.    Plaintiff also completed field internships with the Haverford Township EMS (48 hours) and Atlanticare Regional Medical Center (672 hours).

25.    In September 2012, Plaintiff completed his paramedic training at TJUH.

26.    Plaintiff is currently a registered Paramedic with the National Registry of

4

Emergency Medical Technicians ("NREMT"), certified as a Paramedic with the Pennsylvania Department of Health, has over five (5) years of experience and education as a Paramedic, and has well over 1,100 hours of field internship experience.

27.     On October 6, 2014, Plaintiff applied with Defendant for the position of Fire Services Paramedic.

28.     Plaintiff was scored a 70% by Defendant based off his application which, upon information and belief, is the highest score an applicant can receive (minus additional points for Legacy or Veteran status).

29.     Based on this initial score, Plaintiff learned on or around November 24, 2014 from Defendant's Human Resources ("HR") department that his Civil Service eligible ranking was #34 out of a large number of applicants.

30.     On or around June 29, 2015, Kia Miller, Clerk III for Defendant, emailed Plaintiff information regarding orientation for the Fire Academy's 32nd Class.

31.     On or around July 7, 2015, Plaintiff attended the orientation.

32.     At the orientation, Diane Schweizer, Deputy Commissioner Administrative Services, and Captain Art Alleyne, Captain, explained the essential functions of the Fire Services Paramedic position and the physical training requirements.

33.     On or around July 21, 2015, Plaintiff was interviewed by William A. Twardzik, Esq., EEO Officer, and Ms. Schweizer.

34.     Plaintiff requested that he be permitted to use a video laryngoscope that he had already owned and had been approved by the NREMT as a reasonable accommodation.

35.     Mr. Twardzik and Ms. Schweizer told Plaintiff that they would "look into his request."

36.     Later on July 21, 2015, Ms. Miller gave Plaintiff a conditional offer of employment and instructions on how to complete the application process.

37.     On or around July 29, 2015, Plaintiff was measured for bunker gear and for a uniform, but it was difficult for him to fasten the coat and put on the boots because of his prosthetics.

38.     On or around July 30, 2015, Plaintiff emailed Ms. Schweizer and requested a different version of the coat and "zip up" boots as reasonable accommodations.   Upon information and belief, both of these items can be easily obtained by Defendant.  Ms. Schweizer responded that she would "look into his concerns."

39.     On or around August 7, 2015, as part of Defendant's application process, Plaintiff underwent a medical evaluation by the City of Philadelphia Employee Medical Services ("CPEMS").

40.     Initially, Plaintiff met with Dr. George Hayes, Jr., CPEMS Medical Director, and he conducted a physical examination.

41.     Dr. Hayes went over Plaintiff's medical history and asked questions about Plaintiff's prosthetics.  Dr. Hayes further inquired about the extent of Plaintiff's disability and asked if he was able to perform the essential functions of the Fire Services Paramedic position with a reasonable accommodation.

42.     Plaintiff confirmed that he was able to perform the essential functions of the Fire Services Paramedic position with a reasonable accommodation.

43.     Plaintiff reiterated to Dr. Hayes the three (3) reasonable accommodations he requested to Mr. Twardzik and Ms. Schweizer (video laryngoscope, coat, and boots).

44.     Dr. Hayes instructed Plaintiff to give his treating physicians forms to complete so

that they could verify if Plaintiff was able to complete the essential functions of the Fire Services Paramedic Position.

45.     Plaintiff agreed to provide the forms to his treating physicians.

46.     Dr. Hayes finished one part of the examination and Plaintiff was then taken to another room by another staff member to continue the examination.

47.     The staff member inquired about Plaintiff's disability and quickly did the examination.

48.     When the staff member allegedly finished her portion of the examination, she told Plaintiff that he could leave.

49.     Plaintiff asked her about the remaining aspects of the medical examination.

50.     Dr. Hayes informed the staff member that she was to complete the medical examination, but she refused to do so.  Plaintiff was instructed to wait in the waiting room while Dr. Hayes and the staff member conversed.

51.     Approximately ten (10) minutes later, another staff member told Plaintiff that he could leave.

52.     Plaintiff asked for the forms Dr. Hayes wanted his treating physicians to complete and for a job description of the Fire Services Paramedic position.   Plaintiff was given an envelope and then left.

53.     When Plaintiff arrived at home, he realized that the job requirements were not included in the envelope.  He contacted CPEMS about obtaining a job description and was told they were "looking into it."

54.     On or around August 25, 2015, during a conversation with Dr. Hayes, he told Plaintiff that Plaintiff needed to complete a second set of paperwork.

55.     On or around August 27, 2015, Plaintiff retrieved the paperwork, which included a description of the job requirements.

56.     The job requirements were listed in a redacted email, from Robert Jeter, Captain, to Ms. Schweizer dated August 12, 2015.   However, these requirements were not the same requirements given at the July 7, 2015 orientation by Ms. Schweizer and Captain Alleyne.

57.     On September 30, 2015, Plaintiff turned in all of the requirement paperwork to Dr. Hayes.  He reviewed the paperwork and conducted additional testing.

58.     Dr. Hayes informed Plaintiff that Defendant had hesitations about hiring him, and then instructed Plaintiff "to think really hard" whether he wanted to proceed in applying at Defendant.  Plaintiff told Dr. Hayes that he wanted to work for Defendant.

59.     Dr. Hayes stated that he would set up a meeting among himself, Plaintiff, attorney Twardzik, Deputy Commissioner Schweizer, and the head of the fire academy to discuss Defendant's hesitations with Plaintiff's potential employment and his requests for reasonable accommodations.

60.     Plaintiff then asked Dr. Hayes if they could meet before the Fire Academy's 32nd Class started and he said "absolutely."

61.     Thereafter, no representative of Defendant reached out to Plaintiff to discuss his potential employment and training with the Fire Academy's 32nd Class.

62.     Accordingly, Plaintiff was not able to participate in the Fire Academy's 32nd Class, which commenced on or around October 26, 2015 and ended on or around December 11, 2015.

63.     Defendant failed to provide a legitimate, non-discriminatory reason for not hiring Plaintiff.

64.     At all times material hereto, Plaintiff was disabled within the meanings of the ADA, PHRA, and PFPO.

65.     At all times material hereto, Plaintiff had a record of disability within the meanings of the ADA, PHRA, and PFPO.

66.     At all times material hereto, Plaintiff was regarded as disabled within the meanings of the ADA, PHRA, and PFPO.

67.     Plaintiff's disabilities, including his record of disability and Defendant's regarding him as disabled, were motivating and/or determinative factors in connection with Defendant's discriminatory treatment of Plaintiff, including the failure to hire Plaintiff.

68.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

69.     Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I – ADA

70.     Plaintiff incorporates herein by reference paragraph 1 through 69 above, as if set forth herein in their entirety.

71.     Plaintiff's disability was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of him.

72.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADA.

73.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff

has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

74.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

75.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

76.     Plaintiff incorporates herein by reference paragraphs 1 through 75 above, as if set forth herein in their entirety.

77.     Plaintiff's disability was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of him.

78.     By committing the foregoing acts of discrimination, Defendant has violated the PHRA.

79.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

80.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

81.     No previous application has been made for the relief requested herein.

## COUNT III - PFPO

82.     Plaintiff incorporates herein by reference paragraphs 1 through 81 above, as if set forth herein in their entirety.

83.     Plaintiff's disability was a substantial, motivating, and/or determinative factor in

connection with Defendant's treatment of him.

84.     By committing the foregoing acts of discrimination, Defendant has violated the PFPO.

85.     Said violations were intentional and willful.

86.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

87.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

88.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be in violation of PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a

result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding punitive damages to Plaintiff;

(i) awarding Plaintiff such other damages as are appropriate under the ADA, PHRA, and the PFPO;

(j) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(k) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


CONSOLE MATTIACCI LAW, LLC

Dated:  August 29, 2017                    By: _____

                                           Stephen G. Console
                                           Rahul Munshi
                                           1525 Locust St., Ninth Floor
                                           Philadelphia, PA 19102
                                           (215) 545-7676
                                           (215) 814-8920 (fax)

                                           Attorney for Plaintiff,
                                           Chase Frost

# Exhibit 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA  X EEOC | |

| STATE OR LOCAL AGENCY: PHRC |
|---|

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| **Mr. Chase Frost** | **(610) 800-6543** |

| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |
|---|---|---|
| ████████ | Philadelphia, PA 19130 | ████████ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME:  City of Philadelphia | NUMBER OF EMPLOYEES, MEMBERS  500 + | TELEPHONE (Include Area Code)  **(215) 686-1300** |
|---|---|---|

| STREET ADDRESS  240 Spring Garden Street | CITY, STATE AND ZIP  Philadelphia, PA 19123 | COUNTY  Philadelphia County |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*  ☐ Race   ☐ Color   ☐ Sex   ☐ **Religion**   ☐ National Origin  ☐ Retaliation   ☐ **Age**   X Disability   ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE  *Earliest : 07/30/2015    Latest : Ongoing* |
|---|---|

THE PARTICULARS ARE:

A. 1.   <u>Relevant Work History</u>

On October 6, 2014,[1] I applied with the City of Philadelphia Fire Department ("Respondent") as a Fire Services Paramedic.

I am registered as a Paramedic with the National Registry of Emergency Medical Technicians ("NREMT"), certified as a Paramedic with the Pennsylvania Department of Health, have over five (5) years of experience and education as a Paramedic, as well as over 1,100 hours of field internship experience. I am qualified for this position and am able to perform the essential functions of the job with a reasonable accommodation.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)  I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |

---

[1] All dates herein are approximate.

Chase Frost v. City of Philadelphia Fire Department
## EEOC CHARGE OF DISCRIMINATION
Page 2 of 5

| | SIGNATURE OF COMPLAINANT |
|---|---|
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

Date: 7/11/2016   Charging Party *(Signature)*

Additional Respondents:

1. City of Philadelphia Fire Department          (215) 686-1300
   240 Spring Garden Street
   Philadelphia, PA 19123

2. City of Philadelphia Employee Medical Services          (215) 685-2900
   1901 Fairmount Ave
   Philadelphia, PA 19130

Chase Frost v. City of Philadelphia Fire Department
**EEOC CHARGE OF DISCRIMINATION**
Page 3 of 5

2. Harm Summary

I believe that Respondent has discriminated against me based on my "disability." Evidence of discriminatory conduct includes, but is not limited to the following:

a) On August 11, 2007, I became "disabled" after a fire rescue which resulted in my left arm and right leg to be amputated and fitted with prosthetics.

b) On October 6, 2014, I applied with Respondent as a Fire Services Paramedic. Based on my application, I received a high score.

c) On June 29, 2015, Kia Miller, Clerk III for Respondent, emailed me information regarding orientation for the Fire Academy's 32nd Class.

d) On July 7, 2015, I attended the orientation. Diane Schweizer, Deputy Commissioner Administrative Services, and Captain Art Alleyne, Captain, explained the essential functions of the Fire Services Paramedic position.

e) On July 21, 2015, I was interviewed by William A. Twardzik, Esq., EEO Officer, and Ms. Schweizer. I requested that I be permitted to use a video laryngoscope that I had already owned and had approved by the NREMT as a reasonable accommodation. They told me that they would "look into [my] request."

f) On July 21, 2015, Ms. Miller gave me a conditional offer of employment and instructions on how to complete the application process.

g) On July 29, 2015, I was measured for bunker gear and it was difficult for me to fasten the coat and put on the boots because of my "disability."

h) On July 30, 2015, I emailed Ms. Schweizer and requested a different version of the coat and "zip-up" boots as reasonable accommodations. Both of these items can be easily obtained by Respondent. Ms. Schweizer responded that she "would look into [my] concerns."

i) On August 7, 2015, as part of Respondent's application process, I underwent a medical evaluation by the City of Philadelphia Employee Medical Services ("CPEMS"). Initially, I met with Dr. George Hayes, Jr., CPEMS Medical Director, and he conducted a physical examination. He inquired about my "disability" and asked if I was able to perform the essential functions of the Fire Services Paramedic position. I confirmed that I was able to perform the essential functions of the position. I reiterated the three (3) reasonable accommodation requests (video laryngoscope, coat, and boots) that I made to Mr. Twardzik and Ms. Schweizer to Dr. Hayes.

j) On August 7, 2015, Dr. Hayes instructed me to give my treating physicians forms to complete so they could verify that I was able to complete the essential functions of the

Chase Frost v. City of Philadelphia Fire Department
EEOC CHARGE OF DISCRIMINATION
Page 4 of 5

Fire Services Paramedic position. I agreed.

k) On August 7, 2015, Dr. Hayes finished one part of my examination and I was taken to another room by another staff member to continue the examination. The staff member inquired about my "disability" and quickly did the examination.

l) When she finished her portion of the examination, she told me that I could leave. I asked her about the remainder of the examination. She then asked Dr. Hayes if I was supposed to continue with the medical examination and he stated that I was. The staff member refused to continue my evaluation. I was then instructed to wait in the waiting room while Dr. Hayes and the staff member conversed.

m) Approximately ten (10) minutes later, another staff member told me I could leave. I asked for the forms Dr. Hayes wanted my treating physicians to complete and for a job description of the Fire Services Paramedic position. I was given an envelope and left. I was at CPEMS for a total of six (6) hours and did not complete my medical examination.

n) On August 7, 2015, when I arrived home, I realized the job requirements were not included in the envelope. I contacted CPEMS about the obtaining a description of the job requirements and was told they were "looking into it."

o) On August 26, 2015, during a conversation with Dr. Hayes, he told me that I needed to complete a second set of paperwork.

p) On August 27, 2015, I retrieved the paperwork and noticed that it was dated two weeks prior so I had it time stamped by a CPEMS staff member. The paperwork included a description of the job requirements. The job requirements were listed in a redacted email, from Robert Jeter, Captain, to Ms. Schweizer dated August 12, 2015. These requirements were not the same requirements given at the July 7, 2015 orientation by Ms. Schweizer and Captain Alleyne.

q) On September 30, 2015, I turned in all of the required paperwork to Dr. Hayes. He reviewed the paperwork and conducted additional testing. He then instructed me "to think really hard" whether I wanted to proceed in applying at Respondent. I told him I wanted to work for Respondent.

r) On September 30, 2015, Dr. Hayes told me that he would set up a meeting to discuss my potential employment. I then asked him if we could meet before the Fire Academy's 32nd Class started and he said "absolutely."

s) As of January 7, 2016, I had not been contacted by Dr. Hayes or Respondent. I was not able to participate in the Fire Academy's 32nd Class.

**Chase Frost v. City of Philadelphia Fire Department**
**EEOC CHARGE OF DISCRIMINATION**
**Page 5 of 5**

B.    Respondent's Stated Reasons

a)    Respondent's failure to hire me to the position of Fire Services Paramedic was because of my "disability."

b)    Respondent has not provided a legitimate non-discriminatory reason for failing to hire me as a Fire Services Paramedic.

c)    Respondent has not provided a legitimate non-discriminatory reason for not allowing me to participate in the Fire Academy's 32nd Class.

C.    Statutes and Basis for Allegations

I believe that Respondent has discriminated against me based on my "disability" in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

# Exhibit 2

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL

7014 3490 0000 6312 1980

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

June 06, 2017

Mr. Chase Frost
c/o Emily R. Derstine Friesen, Esquire
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia Fire Dept., et al.
     No. 530201601271

Dear Mr. Frost:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

T. E. Wheeler, II
Acting Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia Fire Dept.